# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA CHAVEZ,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 15-04221-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On June 4, 2015, Hilda Chavez ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on September 24, 2015. On June 6, 2016, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 50-year-old female who applied for Social Security Disability Insurance benefits on February 6, 2012, alleging disability beginning January 18, 2012. (AR 16.) The ALJ determined that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of January 18, 2012, through her date last insured of March 31, 2012. (AR 18.)

Plaintiff's claim was denied initially on May 10, 2012, and on reconsideration on December 19, 2012. (AR 16.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Michael J. Kopicki on October 31, 2013, in Pasadena, California. (AR 16.) Plaintiff appeared and testified at the hearing with the assistance of a Spanish-language interpreter and was represented by Joe G. Solomon, a non-attorney representative. (AR 16.) Vocational expert ("VE") Jane Haile also appeared and testified at the hearing. (AR 16.)

The ALJ issued an unfavorable decision on January 31, 2014. (AR 16-25.) The Appeals Council denied review on April 1, 2015. (AR 1-4.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ fulfilled his duty to fully and fairly develop the record.
2. Whether the ALJ properly evaluated treating and examining physician opinions.
3. Whether the ALJ erred in determining the credibility of the Plaintiff.
4. Whether the ALJ considered the Claimant's combined impairments when determining Plaintiff's Residual Functional Capacity.
5. Whether the ALJ erred at Step 4 of the sequential evaluation.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

(9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must

3

determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of January 18, 2012, through her date last insured of March 31, 2012. (AR 18.)

4

At step two, the ALJ determined that, through the date last insured, Plaintiff had the following medically determinable severe impairments: degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; diabetes mellitus; and obesity. (AR 18-19.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 19.)

The ALJ then found that through the date last insured Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> [Claimant] could never climb ladders, ropes or scaffolds; and could no more than occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl.

(AR 19-23.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 20.)

At step four, the ALJ found that, through the date last insured, Plaintiff was unable to perform her past relevant work as hand packager. (AR 23.) The ALJ, however, also found that, through the date last insured, considering Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Claimant could perform, including the jobs of small products assembler, production assembler, and marker II. (AR 24-25.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act, at any time from January 18, 2012, the alleged onset date, through March 31, 2012, the date last insured. (AR 25.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ did not fail to develop the record properly. The ALJ properly considered the medical evidence and properly discounted Plaintiff's subjective symptom allegations. The ALJ's RFC was properly formulated and is supported by substantial evidence. The ALJ's hypothetical question to the VE was proper.

**I.      THE ALJ DID NOT FAIL TO FULLY DEVELOP THE RECORD**

Plaintiff contends that the ALJ failed to fully develop the record. The Court disagrees.

In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the Claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288; Brown v. Heckler, 713 F.2d at 441, 443 (9th Cir. 1983). The ALJ has a basic duty to inform himself about facts relevant to his decision. Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983) (Brennan, J., concurring). The ALJ's duty to develop the record exists even when the claimant is represented by counsel. Tonapetyan, 242 F.3d at 1150. Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

Plaintiff alleges she cannot work because of neck, back, and leg pain resulting from a fall at work in February 2008 and from peripheral neuropathy due to diabetes mellitus. (AR 20.) She claims that her pain increases with standing more than 10 minutes, walking more than 15 minutes, and sitting more than 20 minutes. (AR 20.) Nonetheless, the ALJ assessed Plaintiff with a modified light work RFC for the period at issue, January 18, 2012, through the date last insured of March 31, 2012. (AR 19, 18.)

Plaintiff faults the ALJ for not obtaining Plaintiff's medical records from August 2009 through January 2011. There are references in the existing documents to an AME report in 2009 (AR 383, 283) and to appointments with Facey Medical Group in 2010 and 2011 (AR 361-362). The ALJ did not obtain these records. The ALJ, however, noted the record did not contain findings by a QME or AME and was devoid of evidence for the period from the settlement of her workers' compensation claim in August 2009 until January 27, 2011. (AR 20.) Because Plaintiff reported she stopped working due to symptoms that began with her fall in February 2008, the ALJ noted that, "While Plaintiff did not formally amend her alleged onset date of disability, I consider all of the evidence in the context of her allegations of disabling symptoms since February 26, 2008." (AR 16.)

Plaintiff interprets this latter comment to imply that the relevant time period is February 26, 2008, through the date last insured. (JS 10:17-19.) Plaintiff is incorrect. The ALJ's final finding is that Claimant was not under a disability "at any time from January 18, 2012, the alleged onset date, through March 31, 2012, the date last insured." (AR 25.) The Court interprets the ALJ's comment to mean that he considered evidence prior to the January 18, 2012, alleged onset date only because the alleged pain in her neck, back and legs purportedly relates back to the fall that occurred in February 2008. The ALJ did not alter or expand the relevant period at issue.

The ALJ, moreover, ordered records from the Facey Medical Group for the time period between January 1, 2011, and March 12, 2012. (AR 293.) Those records were obtained and are in the record (AR 295-310) and were discussed in the ALJ opinion (AR 20, 21). The records, together with other medical evidence, establish that any error, if there was one, in not obtaining the AME report and other earlier Facey Medical Group medical records, was harmless. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006).

The Facey Medical Group medical records do not help Plaintiff. The January 27, 2011 treatment note indicates a "routine physical exam" with no complaint of severe neck, back, or leg pain "she now purports to be disabling." (AR 20, 299.) Her active problems were diabetes, hypertension, and obesity, not any of an orthopedic nature. (AR 299.) Plaintiff was "generally feeling well" and "looking for work." (AR 20, 299.) There was no motor dysfunction (AR 300) and weight bearing exercise was recommended (AR 301). The May 11, 2011 and November 11, 2011 treatment notes were similar and contain no mention of orthopedic complaints. (AR 21, 297-298, 295-296.) Her chief complaints on these two visits were her blood pressure and diabetes. (AR 295, 297.) All of these records outline only routine, conservative treatment for diabetes and hypertension. (AR 21.) Despite the fact that the ALJ focused on these 2011 records from Facey Medical Group (AR 20, 21), as did the Commissioner in the Joint Statement (9:19-10:3), Plaintiff does not discuss these records, only mentioning the

7

appointment dates. (JS 5:25-26.) These 2011 Facey Medical Group medical records, together with adverse credibility findings that Plaintiff takes the bus and shops and took a trip to Hawaii in 2010 (AR 22), undercut any argument that remote medical records from 2008-2010 have much relevance to the relevant period at issue, January 18, 2012, to the date last insured of March 31, 2012.

As discussed below, the ALJ had available the 2012 medical records of Dr. Thomas Grogan, consulting examiner, Dr. Seung Ha Lim and State agency reviewing physician Dr. Joel Ross, as well as the 2011 Facey Medical Group medical records and information on Plaintiff's daily activities and credibility. Plaintiff does not allege any missing evidence from the relevant period of January 18, 2012, through March 31, 2012. The record was not inadequate for the ALJ to allow for a proper evaluation of the evidence. The ALJ had no duty to inquire further or further develop the record. There was no error.

## II. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends that the ALJ failed to discuss or improperly discounted relevant medical evidence. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating

8

physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B. Analysis**

Plaintiff faults the ALJ for not discussing the 2008 and 2009 medical opinions of workers' compensation physicians Dr. Chanin, Dr. Rosenblum, and Dr. Berg. These opinions, however, were two and a half years or more before the alleged onset date of January 18, 2012. The law

is clear that medical opinions before the alleged onset date are of limited relevance. See Rogal v. Colvin, 590 F. App'x. 667, 670 (9th Cir. 2014) (ALJ did not err in failing to discuss a treating opinion that predated the alleged disability date); Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset date of disability are of limited relevance."). An ALJ is not required to discuss evidence that is "neither significant or probative." Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

  Here, the workers' compensation physicians addressed orthopedic issues caused by Plaintiff's fall at work in 2008, but as noted above throughout 2011 she was treated for diabetes and hypertension with no mention of orthopedic complaints. Under state law, moreover, a claimant is disabled for workers' compensation purposes if unable to perform his or her prior work whereas a claimant for Social Security benefits is not disabled if he or she can do alternate work in the national economy, which is obviously a higher burden. See Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984); Silva v. Colvin, 2013 WL 6859263, at *5 (C.D. Cal. Dec. 30, 2013). The ALJ in this case found that Plaintiff could not perform her prior work (AR 23), but could perform alternate work in the national economy (AR 24-25). The opinions of Dr. Chanin, Dr. Rosenblum, and Dr. Berg predate the alleged onset date by a considerable period of time and only address whether Plaintiff could return to her prior work. They do not address Plaintiff's diabetic issues nor whether Plaintiff could perform alternate work in the national economy. The ALJ did not err in failing to discuss their opinions.

  Plaintiff also contends that the ALJ erred in discounting the opinion of Dr. Thomas Grogan, an orthopedist who first saw Plaintiff on January 18, 2012. (AR 20.) Plaintiff complained of increasing pain in the lower back but did not complain of any neck pain. (AR 20, 21.) On examination of the lower extremities, Plaintiff had full range of motion of the hips, knees, ankles, and subtalar joints bilaterally, and motor examination was 5/5 to all groups tested. (AR 20.) Dr. Grogan, however, did find decreased sensation below the knees and Plaintiff's straight leg-raising test was positive. (AR 20-21.) Dr. Grogan also found restricted range of motion in the lumbar spine. (AR 318.) He diagnosed peripheral neuropathy secondary to diabetes and degenerative disc disease, lower lumbar spine with facet

arthropathy, consistent with early arthritis. (AR 319.) Dr. Grogan, however, did not prescribe medicine or treatment, other than prescribing a cane, in any of Plaintiff's six visits. (AR 22.) Dr. Grogan limited Plaintiff to less than sedentary work and considered her permanently disabled. (AR 22.)

The ALJ rejected Dr. Grogan's opinion, relying on the December 7, 2012 opinion of consulting internist Dr. Seung Ha Lim and the December 18, 2012 opinion of State agency reviewing physician Dr. Joel Ross. (AR 21, 22.) Dr. Lim's examination revealed normal range of motion of the neck but did find pain and decreased range of motion of the back suggesting radiculopathy. (AR 21.) Despite a slow gait and complaints of pain, Dr. Lim found that Plaintiff did not need the use of an assistive device for ambulation. (AR 21.) Dr. Lim also found no signs of diabetic neuropathy.[1] (AR 21.) Dr. Lim opined that Plaintiff could perform a range of light work. (AR 21.) The ALJ credited Dr. Lim's opinion on the presence of diabetic neuropathy because he is an internist whose area of specialty is diabetes and Dr. Grogan is an orthopedist. (AR 23.) See Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (specialist entitled to greater weight). State agency reviewer Dr. Joel Ross, with the benefit of both Dr. Grogan's and Dr. Lim's reports, also opined that Plaintiff could perform light work. (AR 22.) He specifically found that Dr. Grogan's opinions were unsupported by the medical evidence. (AR 76.) An examining opinion can amount to substantial evidence, so long as other evidence in the record supports it. Andrews, 53 F.3d at 1041. Dr. Ross' opinion is consistent with Dr. Kim's. The opinions of Dr. Lim and Dr. Ross post-date the insurance expiration date by a few months, but the Ninth Circuit has held that such evaluations can be relevant to a pre-expiration condition. Taylor v. Comm'r of Soc. Sec. Adm., 659 F.3d 1228, 1232 (9th Cir. 2011). Both Dr. Lim and Dr. Ross considered the Plaintiff's medical history and the ALJ found their opinions relevant. (AR 22.)

---

[1] Claimant alleges experiencing neuropathy in the lower extremities in May 2012, but this occurred after the date last insured. (AR 21.)

Thus, Dr. Grogan's opinion that Plaintiff is disabled is contradicted by two physicians. The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan, 242 F.3d at 1150. As already noted, Dr. Lim found no evidence of diabetic neuropathy. (AR 21.) Dr. Grogan's opinion regarding Plaintiff's orthopedic complaints is contradicted by the Facey Medical Group medical notes indicating no complaints of pain in the back or neck (AR 20) and Dr. Lim's finding that Plaintiff did not need an assistive device to work. (AR 21.) Dr. Grogan's own treatment reports indicate that Plaintiff did not complain of neck pain (AR 21) and in six visits Dr. Grogan did not prescribe medicine or provide treatment. (AR 22.) An ALJ may reject a treating physician's opinion that is not supported by his or her treatment notes. Batson v. Comm'r, 359 F.3d 1190, 1195 and n.3 (9th Cir. 2004); Bayliss, 427 F.3d at 1216. Plaintiff's daily activities such as taking a bus, shopping, vacationing in Hawaii, and seeking employment also undermine Dr. Grogan's disability opinion. An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216.

Plaintiff contends that the ALJ should have given greater weight to Dr. Grogan's opinion than to Dr. Lim's and Dr. Ross' opinions, but the issue before the Court is not whether there is evidence to support Plaintiff's theory of disability but whether the ALJ's interpretation of the evidence is supported by substantial evidence. Smolen, 80 F.3d at 1279. It is the ALJ's responsibility, moreover, to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the evidence is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected the opinion of Dr. Grogan for specific, legitimate reasons supported by substantial evidence.

### III. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS

Plaintiff contends that the ALJ improperly discounted her subjective symptom testimony. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause some of the alleged symptoms. (AR 20.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely credible." Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti, 533 F.3d at 1039-40. The ALJ did so.

First, the ALJ found that Plaintiff's allegations that she is unable to perform any work activity is unsupported by the objective medical evidence. (AR 20, 21.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged

1  symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v.
2  Barnhart, 409 F.3d 675, 680-81 (9th Cir. 2005). Here, the ALJ found that the 2011 Facey
3  Medical Group medical records contain no complaints of orthopedic pain. (AR 20.) Claimant
4  did not complain of neck pain to Dr. Grogan, and Dr. Lim found normal range of motion of the
5  neck. (AR 21.) Dr. Lim found no evidence of peripheral neuropathy and opined that Plaintiff
6  could ambulate without need of an assistive device. (AR 21.) He assessed Plaintiff with a light
7  work RFC with restrictions, an opinion also provided by State agency reviewer Dr. Joel Ross.
8  (AR 22.)

9  Second, the ALJ found that Plaintiff had received only routine, conservative treatment.
10  An ALJ may consider conservative treatment in evaluating credibility. Tommasetti, 533 F.3d at
11  1039. Here, the ALJ found that Plaintiff used only "maintenance medications" and her
12  treatment for neck and back pain "consisted solely of over-the-counter ibuprofen and Tylenol."
13  (AR 21.) Impairments that can be controlled effectively with medication are not disabling.
14  Warre v. Comm'r of Soc. Sec. Adm., 439 F.3d 1001, 1006 (9th Cir. 2006). Dr. Grogan never
15  prescribed medicine or provided treatment. (AR 22.) The ALJ concluded that Plaintiff's overall
16  treatment history is inconsistent with her allegations and that, if her impairments were as
17  severe as alleged, he would expect that Plaintiff would have sought more intensive treatment.
18  (AR 21.) The ALJ found that, in sum, Plaintiff's treatment history is "not congruent with an
19  inability to perform work activity." AR 21.)

20  Third, the ALJ found that Plaintiff's daily activities are inconsistent with disabling
21  limitations, which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at
22  345-46. Specifically, the ALJ noted that she takes the bus, shops, prepares meals, washes
23  dishes, and took a trip to Hawaii in 2010. (AR 22.) Plaintiff argues that these daily activities do
24  not prove she can work, but they do suggest she has greater functional abilities than alleged.
25  See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

26  Fourth, the ALJ also found that Plaintiff received unemployment compensation, which
27  required her to certify she was willing and able to work. (AR 22.) This is a valid reason for
28  discounting credibility. See Carmickle, 533 F.3d at 1161-62; Copeland v. Bowen, 861 F.2d

536, 542 (9th Cir. 1988). Also, treatment notes in August 2012 indicate she was looking for work as she was in 2011. (AR 22, 20.)

Plaintiff disputes the ALJ's adverse credibility finding, but again it is the ALJ who has the responsibility to resolve ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record evidence is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

**IV.   THE ALJ'S RFC WAS PROPERLY FORMULATED AND SUPPORTED BY SUBSTANTIAL EVIDENCE**

The ALJ's RFC assessed Plaintiff with a light work RFC "except she could never climb ladders, ropes or scaffolds; and could no more than occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl." (AR 19.) Plaintiff contends that the ALJ's RFC is not supported by substantial evidence because the ALJ failed to address the effect of her combined impairments, both severe and nonsevere, including obesity. The Court disagrees.

To begin, Plaintiff's reliance on the opinions and limitations expressed by Dr. Chanin, Dr. Rosenblum, and Dr. Berg in 2008 and 2008 is misplaced. These opinions predated the alleged onset date by over 2 years and are vitiated by the 2011 Facey Medical Group records containing no orthopedic complaints, as discussed above. Additionally, the ALJ properly rejected the opinion of Dr. Thomas Grogan. The ALJ's RFC is based on the findings of Dr. Lim and Dr. Ross. Plaintiff has not established the existence of any additional limitations, severe or nonsevere, relating to the combined effects of Plaintiff's impairments.

The ALJ also made specific findings regarding Plaintiff's obesity in accordance with SSR 02-01. (AR 21.) The ALJ found that the assessed RFC fully incorporates any credible limitations stemming from Plaintiff's obesity. (AR 21.) The ALJ also found that the record did not support additional obesity-related restrictions. (AR 21.) The ALJ concluded that Dr. Lim and Dr. Ross, fully aware of the evidence of obesity, included obesity in their assessments. (AR 21.) The ALJ noted that the Claimant has not come forward with any evidence of additional limitations due to obesity or suggested any theory how obesity might aggravate

existing impairments. (AR 21.) Thus, the ALJ found no additional limitations due to obesity were warranted. (AR 21.)

The ALJ's RFC is supported by substantial evidence.

## V. THE ALJ'S HYPOTHETICAL QUESTION TO THE VE WAS PROPER

Plaintiff contends that the hypothetical question posed by the ALJ to the VE did not encompass all of her impairments and limitations. The Court disagrees.

In challenging the ALJ's RFC, Plaintiff relies on limitations described by her, Dr. Chanin, and Dr. Grogan. The ALJ, however, discounted Plaintiff's subjective symptom allegations, did not discuss Dr. Chanin's opinion because it predated the alleged onset date by over two years, and rejected the opinion of Dr. Grogan.

As already noted, the ALJ's RFC assessment is supported by substantial evidence. The ALJ's hypothetical question to the VE contained all the limitations set forth in the RFC. The ALJ properly relied on the VE's testimony because the RFC contained all the limitations that were found to exist; there was no error in omitting limitations that the ALJ rejected and the Plaintiff failed to prove. Rollins, 261 F.3d at 857; Batson, 359 F.3d at 1197; Bayliss, 427 F.3d at 1217.

* * *

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: July 8, 2016              /s/ John E. McDermott
                                 JOHN E. MCDERMOTT
                                 UNITED STATES MAGISTRATE JUDGE